TRINA A. HIGGINS, United States Attorney (#7349)
VICTORIA K. McFARLAND, Assistant United States Attorney (#11411)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | Case No. 2:23-CR-00383 |
| vs. | **UNITED STATES' POSITION REGARDING DETENTION** |
| JOSE MANUEL BARBOSA TORRES, ARMANDO FIGUEROA Jr., CECILIO LUIS ARRIAGA, and ILIANA DENNIS. | Magistrate Judge Cecilia M. Romero |
| Defendants. | |

☒     The United States is not seeking detention as to defendants CECILIO LUIS ARRIAGA and ILIANA DENNIS.  However, the United States will be seeking conditions for release, including travel restrictions.

☐     Detention is not at issue because this is an immigration reentry case where the defendant has opted to participate in the fast track program, which includes agreeing to detention for the pendency of this case.

☒     The United States moves for detention based on current information as to defendants JOSE MANUEL BARBOSA TORRES and ARMANDO FIGUEROA Jr.  The United States' positions in this preliminary pleading could change after reviewing the Pretrial Report or learning of additional evidence.  The United States reserves the right to assert positions even if the boxes next to those positions are not checked below, raise additional arguments, and file additional pleadings in support of detention.  The

United States' motion for detention is:

☒ Pursuant to 18 U.S.C. § 3142(f)(1) because defendant is charged with:

☐ (**A**) a crime of violence (*see* 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C. § 1591 (sex trafficking of children), or an offense under § 2332b(g)(5)(B) (specific enumerated crimes) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ (**B**) an offense for which the maximum sentence is life imprisonment or death; **or**

☐ (**C**) an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ (**D**) any felony if the defendant has been convicted of two or more offenses described in (a) through (c) above, or two or more State or local offenses that would have been offenses described in (a) through (c) above if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☒ (**E**) any felony that is not otherwise a crime of violence but involves: (**i**) a minor victim; (**ii**) the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); (**iii**) any other dangerous weapon; or (**iv**) a failure to register under 18 U.S.C. § 2250;

**OR**

☒ Pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:

☒ (**A**) a serious risk the defendant will flee (as to BARBOSA TORRES); **or**

☐ (**B**) a serious risk the defendant will obstruct or attempt to obstruct justice, or threaten, injure, intimidate, attempt to threaten, injure or intimidate a prospective witness or juror.

The Defendants are charged with multiple violations of 18 U.S.C. §§ 922(a)(6) and 2. They are alleged to have made false statements during the acquisition or attempted acquisition of firearms from licensed dealers, along with aiding and abetting. The United States asserts it is entitled to detention hearings on these charges, as this is a felony case involving the possession or use of firearms. This position is supported by the structure of

the 18 U.S.C. § 3142(f) and the plain language of the statute.  Additionally, Magistrate Judge Jared C. Bennett's decision in *United States v. Hallett* supports the United States' interpretation of the statute.

Congress had multiple options for specifying matters in which the United States could request pre-trial detention of a defendant.  It could have enumerated certain offenses or outlined criteria without specifying a requisite charge.  The statute embraces both approaches.  If a defendant is charged with an offense enumerated in §§ 3142(f)(1)(A), (B), (C), or (E), the United States is entitled to request a detention hearing.  Additionally, the United States may request a detention hearing if the case presents certain characteristics, including criteria outlined in §§ 3142(f)(1)(D) and (E).

The pertinent portion of 18 U.S.C. § 3142(f)(1)(E) dictates that a detention hearing may be held, upon motion by an attorney for the Government, in a case that **involves** the possession or use of a firearm.  It is important to note that nothing in the plain language of the statute requires that the possession or use of the firearm be an element of the charged offense.

In *United States v. Hallett*, the defendant was charged by complaint with a violation of 18 U.S.C. § 922(a)(1)(A) for dealing firearms without a license.  (2:22-MJ-00698, ECF No. 7).  In a written order, Judge Bennett conducted an analysis the statutory terms "involves" and "possession," ultimately finding that the United States is entitled to a detention hearing when "possession of a firearm" is either (1) an element of the offense, or (2) is an implicit, necessary (and therefore unexpressed feature) of the charged crime.  (ECF No. 7, Attachment A).  Jude Bennett further found that "possession" includes both actual possession and constructive possession.

Just as dealing firearms without a license necessarily includes actual or constructive possession of a firearm, so too does acquisition of a firearm via a false statement.  Though 18 U.S.C. § 922(a)(6) does not include possession of a firearm as an element, receipt of a firearm based on a false statement is an inherent feature of the offense.  Defendants BARBOSA TORRES and FIGUEROA are both charged with obtaining multiple firearms.  Because of this, the United States is entitled to detention hearings as to those defendants.

## Procedure

The defendant may seek a continuance of the detention hearing of up to five days, and the United States may seek a continuance of up to three days.  18 U.S.C. § 3142(f).  During any such continuance, the defendant shall be detained.  *Id*.  The rules concerning the admissibility of evidence do not apply at the detention hearing.  *Id*.  The United States

has the burden of persuasion by clear and convincing evidence that no condition or combination of conditions of release will reasonably the safety of any other person and the community or by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. *Id.*; *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

## Rebuttable Presumption

This case does not involve a presumption of detention pursuant to 18 U.S.C. § 3142(e)(2) or (3).

## Factors to Be Considered

The United States may present arguments, proffer evidence, or provide testimony at the scheduled detention hearing supporting the detention of the defendant including, but not limited to:

☒ The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm or destructive device. (18 U.S.C. § 3142(g)(1)).

On October 18, 2023, the grand jury returned an indictment charging Jose Manuel BARBOSA TORRES, Armando FIGUEROA Jr., CECILIO LUIS ARRIAGA, and ILIANA DENNIS with violations of 18 U.S.C. §§ 922(a)(6) and 2 – False Statements During Acquisition or Attempted Acquisition of Firearms, Aiding and Abetting (2:23-CR-00383). The underlying investigation revealed the following information:

In January 2023, BARBOSA TORRES was communicating with an unknown individual via an encrypted messaging application. During that conversation, the unknown individual sent BARBOSA TORRES videos of what appeared to be Mexican cartel members carrying and shooting .50 caliber rifles and roadblocks commonly referred to as "narco blockades." The unknown individual also sent BARBOSA TORRES a phone number with the name "Cesar RIVERA."

The investigation revealed that BARBOSA TORRES, FIGUEROA, ARRIAGA, and DENNIS collectively purchased or attempted to purchase numerous Barrett .50 BMG caliber rifles between April 2023 and August 2023 from FFLs and private sellers. These firearms typically retail between $8,500.00-$10,000.00 (see photo below).

4



The known transactions are listed below:

- **April 3, 2023** – BARBOSA TORRES purchased a Barrett 82A1 .50 BMG caliber rifle from an FFL in Orem, Utah (Count I).

- **May 18, 2023** – BARBOSA TORRES purchased a Barrett 82A1 .50 BMG caliber rifle from a private seller located in South Jordan, Utah. A few days later, BARBOSA TORRES inquired about purchasing a FN Herstal Scar 16S from the same seller (see photo below; this transaction is not associated with a charged count).



- **May 24, 2023** – BARBOSA TORRES purchased a Barrett .50 caliber rifle from a private seller in Herriman, Utah.  A few days later, BARBOSA TORRES inquired about purchasing an additional Barrett .50 caliber rifles and/or Scar 17 from the same seller (this firearm is a similar configuration to the Scar 16S depicted above; this transaction is not associated with a charged count).

- **July 13, 2023** – BARBOSA TORRES purchased a Barrett 82A1 .50 BMG caliber rifle from an FFL in Salt Lake City, Utah (Count II).

- **July 17, 2023** – FIGUEROA purchased a Barrett 82A1 .50 BMG caliber rifle from an FFL in West Haven, Utah (Count III).  That day, FIGUEROA and BARBOSA TORRES exchanged messages regarding the purchase.  BARBOSA TORRES indicated he will provide the funds, and FIGUEROA expressed concerns about not being able to finalize the transaction if he didn't have the money at the time the background check was submitted.   The messaging also suggests that BARBOSA TORRES and FIGUEROA traveled to the FFL together.

- **August 7, 2023** – BARBOSA TORRES attempted to purchase an Ohio Ordnance M2-SLR .50 BMG caliber rifle from an FFL in Salt Lake City, Utah (see photo below; Count IV).  This rifle had a listed price of over $20,000.00.  The employees at the FFL became suspicious and denied the sale.  Later that day, FIGUEROA and DENNIS appeared at the FFL and attempted to purchase the same gun.  They were likewise denied.



- **August 12, 2023** – FIGUEROA purchased a Barrett 82A1 .50 BMG caliber rifle from an FFL in Taylorsville, Utah (Count V).  The rifle was purchased online and shipped to the FFL for completion of the ATF 4473.

- **August 12, 2023** – ARRIAGA purchased a Barrett 82A1 .50 BMG caliber rifle from an FFL in Taylorsville, Utah (Count VI).  The rifle was purchased online and shipped to the FFL for completion of the ATF 4473.  Notably, FIGUEROA and ARRIAGA utilized the same online retailers and receiving FFL for the August 12, 2023 purchases.

- **August 17, 2023** – DENNIS attempted to purchase a Barrett M82A1 .50 BMG caliber rifle from an FFL in Taylorsville, Utah (Count VII).  The rifle was purchased online and shipped to the FFL for completion of the ATF 4473.  DENNIS utilized the same receiving FFL as FIGUEROA and ARRIAGA utilized for their August 12, 2023 purchases.

For each of the charged counts, the respective defendant executed an ATF Form 4473 wherein they indicated they were the actual transferee/buyer of the firearm.  Each defendant also certified the submitted information was accurate.

Agents intercepted BARBOSA TORRES and DENNIS during the attempted purchase on August 17, 2023.   BARBOSA TORRES told agents DENNIS was purchasing the firearm at his request, and that the firearm was ultimately destined for Cesar RIVERA, who was located in Arizona.  This information was confirmed by DENNIS.  BARBOSA TORRES stated the money for the purchase originated with RIVERA and that he had previously transferred two (2) Barrett .50 caliber rifles to RIVERA.  License plate reader data placed a vehicle registered to RIVERA two blocks from BARBOSA TORRES' residence on July 23, 2023.  BARBOSA TORRES admitted he had deleted messages with RIVERA when he realized ATF agents were in the FFL.  However, he consented to a download of his phone.

On October 23, 2023, BARBOSA TORRES, FIGUEROA, ARRIAGA, and DENNIS were arrested on warrants issued in connection with the indictment.  BARBOSA TORRES, FIGUEROA, and ARRIAGA were interviewed.

Post-*Miranda*, BARBOSA TORRES again acknowledged he had acquired multiple Barrett .50 caliber rifles on behalf of Cesar RIVERA.  BARBOSA TORRES stated he

knew RIVERA was sending the firearms to Culiacan, Mexico. BARBOSA TORRES also identified a photo of RIVERA that was taken at BARBOSA TORRES' home.[1] Post-*Miranda*, FIGUEROA acknowledged he purchased two (2) Barrett .50 caliber rifles. FIGUEROA initially claimed he sold them to an unknown party, but eventually admitted he provided them to BARBOSA TORRES, who FIGUEROA was introduced to by DENNIS. FIGUEROA also stated that ARRIAGA provided the rifle he purchased to BARBOSA TORRES.

Post-*Miranda*, ARRIAGA identified FIGUEROA as his brother. ARRIAGA initially stated he sold the rifle he purchased to an unknown party. However, he later claimed he gave the rifle to FIGUEROA, who "had a buyer," approximately three weeks after he purchased it. ARRIAGA stated FIGUEROA gave him the full purchase price of the rifle, plus $500. ARRIAGA denied knowing BARBOSA TORRES.

☒ The weight of evidence against the defendants. (18 U.S.C. § 3142(g)(2)).

The weight of the evidence in this case is significant, given the purchasing patterns, the messaging exchanged between defendants, and the defendants' own admissions.

☒ The history and characteristics of the defendant including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning court proceedings. (18 U.S.C. § 3142(g)(3)(A)).

BARBOSA TORRES appears to have a residence in West Valley City, Utah and employment in Utah dating back at least 12 years. Wage data also indicates BARBOSA TORRES is presently employed. However, his known firearm purchases in 2023 (not including the firearms purchased by co-defendants at his request) exceed his reported income by approximately $20,000.00. BARBOSA TORRES has limited criminal history—however his outstanding case includes serious allegations (see below).

FIGUEROA appears to have a residence in Magna, Utah and employment in Utah dating back to 2020. Wage data also indicates FIGUEROA is presently employed. However, his known firearm purchases in 2023 account for approximately 75% of his reported

---

[1] BARBOSA TORRES was previously presented with a photo line up that included RIVERA. At that time, BARBOSA TORRES did not identify RIVERA. During the October 23, 2023 interview, BARBOSA TORRES acknowledged RIVERA was in the photo line up and that he (BARBOSA TORRES) had lied when the said he did not recognize RIVERA.

income (this does not include the firearm he and DENNIS inquired about on August 7, 2023 after BARBOSA TORRES was denied the sale). FIGUEROA does not have any known criminal history.

ARRIAGA appears to have a residence in West Valley City, Utah and employment in Utah dating back at least 10 years. Wage data also indicates ARRIAGA is presently employed. ARRIAGA does not have any known criminal history.

DENNIS appears to have a residence in West Valley City, Utah[2] and employment in Utah since 2020. Wage data also indicates DENNIS is presently employed. DENNIS does not have any known criminal history.

☒ Whether, at time of the current offense or arrest, the defendant was on probation, parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law. (18 U.S.C. § 3142(g)(3)(B)).

On May 13, 2020, BARBOSA TORRES was charged with child abuse as a class misdemeanor (Utah Third District Court case 201905660). On September 28, 2021, the case was dismissed without prejudice. However, on October 18, 2021, the case was refiled (Utah Third District Court case 211911024) and is currently pending. The information associated with the case alleges BARBOSA TORRES intentionally inflicted physical injury upon a child on March 16, 2020. The information further alleges that BARBOSA TORRES hit a 9-year-old child with a belt multiple times, resulting in bruising to the child (see Attachment B).

☒ The nature and seriousness of danger to any person or to the community that would be posed by the defendant's release. (18 U.S.C. § 3142(g)(4)).

Although the firearms in this case have been described as rifles, in this context they are more accurately described as weapons of war. In March 2022, Vice News reported that .50 calibers are "the weapons for choice for Mexican cartels."[3] Defendants BARBOSA TORRES and FIGUEROA have demonstrated a willingness to repeatedly engage in

---

[2]   DENNIS has been identified as BARBOSA TORRES' step-daughter, residing at the same residence. In the event both BARBOSA TORRES and DENNIS are granted release, the United States would request they not be permitted to reside at the same residence. This is the facilitate the standard conditions of release prohibiting contact with co-defendants.

[3]   https://www.vice.com/en/article/m7vwyx/mexican-cartel-50-cal

conduct that directly contributes to violence.[4]  Messaging between them also demonstrates that they took efforts to avoid detection.  Additionally, there are no release conditions that could adequately mitigate ongoing behavior.  BARBOSA TORRES was readily able to purchase two (2) of these weapons via private sales.  There is no feasible way for United States Pretrial Services to monitor or prevent this type of activity.

- ☐ The defendant's lack of legal status in the United States.
- ☐ How the defendant would be subject to removal or deportation after serving a period of incarceration.
- ☒ The defendants ties outside of the United States.

BARBOSA TORRES has been encountered at the border six (6) times in 2023, most recently in July.  FIGUEROA has not been recently encountered at the border.  ARRIAGA has been encountered at the border one time in January 2023.  DENNIS has been encountered at the border four times in 2023, most recently in September.

It appears that BARBOSA TORRES and DENNIS were encountered together on May 16, 2023 and July 11, 2023.  Additionally, BARBOSA TORRES and ARRIAGA were also encountered within 1.5 hours of each other on January 9, 2023.

- ☐ The defendant's use of aliases or false documents.
- ☐ The defendant's prior attempts to evade law enforcement.
- ☐ How the defendant's proposed residence, employment, or proposed treatment programs have not been verified.
- ☐ The defendant's prior failures to appear for court proceedings.
- ☒ Other reasons including:

Although not presently charged as a co-defendant, Cesar Humberto RIVERA recently appeared before this court on a Rule 5 from the District of Arizona (2:23-MJ-00976). RIVERA was arrested in Utah on October 23, 2023.  He was arrested at BARBOSA TORRES' and DENNIS' West Valley City residence.  The indictment in the Arizona case charges RIVERA with violations of 18 U.S.C. §§ 922(o) and 2 – Possession of a Machinegun, Aiding and Abetting.  Circumstances surrounding RIVERA are relevant to this Court's determination, as it is understood RIVERA was the intended recipient of all the firearms involved in this case.

---

[4] The United States distinguishes BARBOSA TORRES and FIGUEROA from ARRIAGA and DENNIS, in that ARRIAGA only purchased one firearm and DENNIS never actually acquired a firearm.

On the same day ATF agents in Salt Lake City intercepted the attempted purchase by DENNIS and RIVERA, undercover agents in the Phoenix area arranged to sell a machinegun to RIVERA and others for $14,000.00. RIVERA and the others handled the machinegun, and the agents explained to RIVERA and the others that the machinegun functioned as a fully automatic firearm and that it was illegal to possess. Before the transaction was finalized, RIVERA and others took the machinegun and loaded into the vehicle they had driven to the location. All parties were taken into custody, and RIVERA was found to be in possession of a 9mm handgun. Post-*Miranda*, RIVERA initially denied having any role in the transaction. However, RIVERA later admitted he had supplied $10,000.00 of the cash intended for the purchase. He also admitted he knew the firearm was fully automatic and illegal to possess (see photo below of involved firearm).



The handgun found in RIVERA's possession was subsequently linked to an incident in Phoenix. On July 23, 2023, Phoenix Police Department responded to an occupied residence that had been damaged by gunfire. No injuries were reported, but police collected 9mm expended casings. The casings were linked to the firearm in RIVERA's possession on August 17, 2023 via NIBIN.

Additionally, in June 2022, ATF agents in Phoenix seized an M-2 .50 caliber rifle and pistol from RIVERA due to his use of a false address on an ATF 4473 Form. M-2 .50 caliber rifles retail at approximately $20,000.00 and are capable of being converted to machineguns. This is also the type of firearm BARBOSA TORRES attempted to purchase on August 7, 2023 (Count I).

Finally, investigation is ongoing in this case. However, additional efforts have revealed that BARBOSA TORRES purchased another Barrett M107A1 .50 BMG caliber rifle on

11

September 8, 2022 from an FLL in Layton, Utah. Although this transaction is not presently charged in the indictment, it is relevant to demonstrate that BARBOSA TORRES' illicit conduct began before the first charged purchase. Additional messaging from BARBOSA TORRES' phone also suggests that this particular firearm was shipped to Sonora on or about September 13, 2022, declared as part of a tire shipment.

## Victim Notification

This matter does not involve a victim requiring notification.

DATED this 27th day of October, 2023.

                                                  TRINA A. HIGGINS
                                                  United States Attorney

                                                  */s/ Victoria K. McFarland*
                                                  VICTORIA K. McFARLAND
                                                  Assistant United States Attorney